MARVIN, Judge.
In these actions consolidated on appeal, each plaintiff instituted a separate suit under LSA-R.S. 23:631 and 632 claiming wages, penalties, and attorney fees from defendant, the former employer of plaintiffs. Plaintiffs contend that defendant arbitrarily and without their authorization, deducted from their paychecks 17 percent of one hour’s pay {}/(, of one hour wage rate) for each day worked during their respective periods of employment. Defendant contends that the deduction was explained to and agreed to by plaintiffs before either accepted employment. We affirm judgments rejecting plaintiffs’ demands.
Defendant is the owner and manager of a grocery store. Plaintiffs were employed in the meat market of the store at a wage of $1.60 per hour and were usually paid for a five and one-half day work week of 40 hours. For reasons not stated in the record, Mrs. Skains quit working in October, 1973, and Miss Wages quit work in March, 1974.
Defendant allotted his meat market employees 10 minutes of each working day to attend to personal needs and grooming before and after their work period. The 17 percent deduction resulted from this 10 minute period. After the termination of their employment, Miss Wages and Mrs. Skains, believing the deduction to be unwarranted confronted their former employer on March 26, 1974, with demands for compensation. Miss Wages claimed $76.00 and Mrs. Skains claimed $37.20. Although the testimony as to what transpired at the confrontation is in conflict, the employer refused to meet the demands and suits were promptly filed. During appellate argument, plaintiffs’ counsel stated that plaintiffs’ claims were not founded on federal statutes.
The lower court found that plaintiffs were paid according to their agreement with the employer for the several months periods they were employed and that no further wages were owed by the employer.
 The issue as to what agreement defendant and plaintiffs entered into with regard to their employment presents ques *128 tions of fact, the resolution of which is best determined by the trial court. The trial court’s findings will not be disturbed on appeal in the absence of manifest error (Canter v. Koehring Co., 283 So.2d 716 (La. 1973)). The record adequately reflects that the contested wage deduction was made known to the plaintiffs before and during the period they were employed. Plaintiffs admitted during trial they were aware of the deduction at the beginning of or shortly after beginning their employment. We see no manifest error in the trial court’s finding.
At appellant’s cost, the judgment in each case is
AFFIRMED.